Entered on Docket
December 29, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

DEC 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: JOSEPH L. WILCZAK; JUDITH A. WILCZAK, <br><br> Debtors, <br>------------------------------ <br><br> JOSEPH L. WILCZAK; JUDITH A. WILCZAK, <br><br> Appellants, <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC.; THE BANK OF NEW YORK MELLON, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-OA10, Mortgage Pass-Through Certificates Series 2007-OA10, <br><br> Appellees. | No. 19-60068 <br><br> BAP No. 19-1038 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Brand, and Gan, Bankruptcy Judges, Presiding

Submitted November 30, 2020**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision

Before: GOODWIN, SCHROEDER, and SILVERMAN, Circuit Judges.

Joseph L. and Judith A. Wilczak, Chapter 11 debtors, appeal pro se the Bankruptcy Appellate Panel's judgment affirming the bankruptcy court's order overruling the Wilczaks' objection to the claim of creditors Select Portfolio Servicing, Inc., and the Bank of New York Mellon. We have jurisdiction under 28 U.S.C. § 158(d). We review for clear error the bankruptcy court's findings of fact. *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000). We affirm.

The bankruptcy court did not clearly err in finding that the signatures on the loan documents were valid. First, the record, including the Wilczaks' admissions at trial, supports the bankruptcy court's finding that the Wilczaks signed the loan documents. Second, "we give singular deference to a trial court's judgments about the credibility of witnesses," including the bankruptcy court's determinations that notary Cindy North's testimony was credible and the Wilczaks' testimony was implausible. *Cooper v. Harris*, 137 S. Ct. 1455, 1474 (2017). Finally, the Wilczaks' contention that the bankruptcy court erred by noting irregularities in the signatures without finding them forged lacks merit.

To the extent the Wilczaks contend that their own counsel engaged in

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

misconduct, the record discloses no misconduct affecting fundamental fairness. *See Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1145, 1148 (9th Cir. 2001) (limiting review in civil cases to whether attorney misconduct affected fundamental fairness where the error is alleged for the first time on appeal).

To the extent the Wilczaks raise the issue on appeal, the bankruptcy court did not abuse its discretion by rejecting expert testimony by Nancy Cole because Cole's qualifications were out of date and her testimony would not have been helpful or reliable. *See* Fed. R. Evid. 702(a) (qualified witnesses may testify as experts if their "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"); *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 952 (9th Cir. 2011) ("a trial court has broad discretion in assessing the relevance and reliability of expert testimony" (citation and internal quotation marks omitted)).

The Wilczaks' contention that the issue decided at trial was different than the issue raised in their objection to the proof of claim lacks merit.

**AFFIRMED.**

3